**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES PARKER SHIELD; et al., | No. 10-35650 |
| Plaintiffs - Appellants, | D.C. No. 4:09-cv-00044-SEH |
| v. | |
| JOHN SINCLAIR; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted May 15, 2012[**]

Before:    CANBY, GRABER, and M. SMITH, Circuit Judges.

Plaintiffs, five members of the Little Shell Tribe of Chippewa Indians, a

non-federally recognized Indian tribe, appeal from the district court's judgment

dismissing their action alleging that defendants violated their rights under 42

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1985(3) and 25 U.S.C. § 1302.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Nuclear Info. & Res. Serv. v. U.S. Dep't of Transp. Research & Special Programs Admin.*, 457 F.3d 956, 958 (9th Cir. 2006), and we may affirm on any ground supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008).  We affirm.

The district court properly dismissed the claims plaintiffs brought under section 1985(3) because the first amended complaint failed to allege facts sufficient to show that they are a protected class.  *See Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1985) (per curiam) (to bring a claim under section 1985(3), plaintiffs must show that "the courts have designated the class in question a suspect or quasi-suspect classification requiring more exacting scrutiny or that Congress has indicated through legislation that the class required special protection").

The district court properly dismissed the claims plaintiffs brought under the Indian Civil Rights Act because "the only remedy available from the federal courts under [the Act] is a writ of habeas corpus under 25 U.S.C. § 1303."  *Hein v. Capitan Grande Band of Diegueno Mission Indians*, 201 F.3d 1256, 1259-60 (9th Cir. 2000).

Plaintiffs' remaining contentions are unpersuasive.

**AFFIRMED.**